**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.**

| | | |
|---|---|---|
| KEVIN BUJA, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CLASS ACTION |
| NOVATION CAPITAL, LLC, a foreign limited liability company; NOVATION VENTURES, LLC, a foreign limited liability company; both doing business as "Novation Settlement Solutions," an unregistered fictitious entity, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1.      This is an action arising from Defendant's violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* At various times, and on numerous instances within the four year period prior to the filing of this complaint, Defendants sent, or orchestrated the sending on its behalf of unsolicited telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. § 1331. This action arises

1

under a federal statute. *See* <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740, 565 U.S., 181 L. Ed. 2d 881 (2012).  Pursuant to 28 U.S.C. §1391(b)(1), venue in this district is proper because the Defendant's principal office is located here.

## PARTIES

3.     Plaintiff, Kevin Buja ("Plaintiff"), is a natural person who, at all times relevant herein, maintained a residence in Collier County, Florida.

4.     Defendant, Novation Capital, LLC ("Novation Capital"), is a foreign limited liability whose principal place of business is located at 1641 Worthington Rd., Ste. 410, West Palm Beach, FL 33409, and whose address for service of process is NRAI Services, Inc., 1200 South Pine Island Rd., Plantation, FL 33324.

5.     Defendant, Novation Ventures, LLC ("Novation Ventures") is a foreign limited liability company whose principal place of business is located at 1641 Worthington Rd., Ste. 410, West Palm Beach, FL 33409, and whose address for service of process is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

6.     Both Defendants, in an apparent joint venture, do business as Novation Settlement. Therefore, both Novation Capital and Novation Ventures are cumulatively referred to as "Defendants."

7.     Defendants are in the business of purchasing structured settlements

and annuities for a lump sum of cash.

## THE TCPA

8.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9.      Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] … is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

10.     The TCPA prohibits persons from initiating any telephone call to a residential telephone line using a prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the FCC. 47 U.S.C. § 227(b)(1)(B); see also 47 C.F.R. § 64.1200(a)(2).

11.     A telemarketer may use a pre-recorded or automated voice to call a

telephone number only if the telemarketer has the recipient's prior express consent.

12.    Effective October 16, 2013, anyone engaged in telemarketing must have prior express written consent to place artificial or prerecorded telemarketing calls to a residential phone line or wireless number, or to send text messages or place calls to a wireless number using an automatic telephone dialing system.[1]

13.    Prior express written consent requires an agreement, in writing, bearing the signature of the person called that (a) clearly authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an artificial or prerecorded voice, and (b) lists the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. See 47 C.F.R. § 64.1200(f)(8).

## FACTUAL ALLEGATIONS

14.    At some point prior to the filing of this complaint, Plaintiff, in order to resolve a certain legal matter (unrelated to this action), agreed to a structured settlement.[2]

15.    In order to discover potential clients, Defendants are believed to employ various means to identify recipients of structured settlements and/or

---

[1] See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278 Report and Order, FCC 12-21, ¶ 4 (February 15, 2012)

[2] A structured settlement is a settlement which provides in whole or in part for periodic payments by the liable party or its liability insurer ... to the injury victim in satisfaction of his or her claim. *Ringler Associates Inc. v. Maryland Cas. Co*., 96 Cal. Rptr. 2d 136, 159 (Ct. App. 2000).

annuities, then employ various skip-tracing methods in an attempt to locate these individuals. The names and telephone numbers of potential clients are then loaded into an automatic dialing system, which, without human intervention, places calls to potential clients and, in certain situations, leaves prerecorded voice messages.

16.    Defendants maintain a call center staffed by agents who attend to calls placed by an automatic telephone dialing system or an artificial or prerecorded voice.

17.    Defendants' website lists a job posting for an "Outbound Call Center Agent", which states as follows:

**Is this job for you?** What makes our company great is our people. We pride ourselves on our intelligent, supportive and positive staff. If this sounds like you, Novation is the place for you!

**…**

Excellent Communication Skills with a Strong Phone Presence, utilizing a *predictive dialer*, complete high volume of outbound calls to determine the eligibility of the client. [3]

---

[3] See, https://novationsettlementsolutions.com/career/outbound-call-center-agent/ (Last accessed: July 21, 2015 (italics added, boldface in original).

18.     The FCC has specifically ruled that a *predictive dialer* falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶ 133.

19.     Moreover, federal courts have consistently held that as a matter of law a *predictive dialer* is a type of automatic telephone dialing system.  *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Ill. Aug. 16, 2011).

20.     Consistent with Defendants' business model, Plaintiff began receiving unsolicited, automatically dialed and/or prerecorded message, telemarketing calls to his cellular telephone from the number "561-615-9360."

21.     The number "561-615-9360," when called, is answered is answered by a recorded voice stating, "Thank you for calling Novation Settlement Solutions."

22.     At times, when Plaintiff did not answer a call from "561-615-9360," Defendants left a prerecorded message on Plaintiff's voice mail system.

23.     Plaintiff is the registered subscriber, with exclusive dominion and control, of the cellular telephone number to which the violative telemarketing calls alleged herein were placed.

## CLASS ALLEGATIONS

24.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

6

25.    Plaintiff proposes to represent a class and sub-class of persons affected by Defendants' actions, described as follows:

**The No Consent Class**

(i) All persons within the United States (ii) to whom Defendants, directly or through their agents, (iii) made a call to their cellular phone (iv) using any automatic telephone dialing system or an artificial or prerecorded voice (v) within the four years preceding the filing of this Complaint, through the date of class certification, (vi) without first obtaining the prior express consent of the recipient of the call.

**The No Written Consent Sub-Class**

(i) All persons within the United States (ii) to whom Defendants, directly or through their agents, (iii) made a call to their cellular phone (iv) using any automatic telephone dialing system or an artificial or prerecorded voice (v) within the time frame encompassing October 16, 2013, through the date of class certification, (vi) without first obtaining the prior express written consent of the recipient of the call.

26.    Excluded from the class is the Defendant, any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

27.    The proposed class members are identifiable through phone records and phone number databases.

28.    The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

29.    Plaintiff is a member of the class, and the subclass.

7

30.    There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.    Whether the Defendant used any automatic telephone dialing system or an artificial or prerecorded voice to make telemarketing calls;

b.    Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express consent or, where applicable, prior express written consent;

c.    Whether the Defendant's violations of the TCPA were willful or knowing; and

d.    Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Defendant's actions.

31.    Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

32.    Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

33.    The actions of Defendants are generally applicable to the class as a whole and to Plaintiff.

34.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

35.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

36.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## COUNT ONE
### *Violation of the TCPA, 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)*

37.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

38.     The Defendants violated the TCPA by using any automatic telephone dialing system or an artificial or prerecorded voice, to make calls to telephone numbers assigned to a cellular telephone service.

39.    Defendants did so knowing that they did not have the prior express consent of the recipient of the call, therefore the violations were willful or knowing.

**WHEREFORE**, for himself and all class members, Plaintiff requests the following relief:

a.    That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure;

b.    That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

c.    That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## COUNT TWO
### *Injunctive Relief*

40.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41.    The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

42.    The Plaintiff respectfully requests this Court order the Defendants, and their employees, agents and independent contractors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**WHEREFORE**, for himself and all class members, Plaintiff requests the following relief:

a.   That Defendants be restrained from engaging in future telemarketing in violation of the TCPA.

b.   That Defendants, their agents, and anyone acting on their behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members.

c.   That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: July 21, 2015

Respectfully submitted,

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

By: */s/ Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651