**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO. 9:15-CV-81002 (Marra/Matthewman)

KEVIN BUJA,

    Plaintiff,

v.

NOVATION CAPITAL, LLC, et al.,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

In his Response to Novation's Motion to Dismiss (Docket Entry 16, the "Response"), plaintiff Kevin Buja asks the Court to find that his Complaint for Damages and Injunctive Relief (Docket Entry 1, the "Complaint") is sufficient to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), despite the fact that the Complaint contains practically no material facts to support such a claim. Buja argues defendants Novation Capital, and Novation Ventures, LLC (collectively, "Defendants"), have asked that the Court apply a "heightened" pleading standard, but that is not true and Buja cites no authority suggesting that his minimal and conclusory allegations can survive. Despite citing many cases in which the plaintiffs pled their phone numbers, the number of alleged calls, the content of alleged calls, the date and time of the alleged calls, and/or the circumstances suggesting that an automated telephone dialing system ("ATDS") was used, Buja argues that he need not plead *any* of these things for his Complaint to survive. Buja is wrong and the Complaint should be dismissed.

1

**MEMORANDUM OF LAW**

I.     **Buja must make more than conclusory allegations to state a claim under the TCPA.**

Buja incorrectly suggests that Novation has asked the Court to apply a "heightened" pleading standard to Buja's claims under the TCPA (Response at p. 2).  But Novation merely asks the Court to hold Buja to the Rule 8(a) standard recognized by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Buja must plead "enough *facts* to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (emphasis added).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 679.

Courts in this circuit and beyond have applied this standard to dismiss TCPA claims where the factual allegations are insufficient to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 545.  For example, in *Padilla v. Whetstone Partners, LLC*, 2014 U.S. Dist. LEXIS 95308, *3-*6 (S.D. Fla. 2014), the court dismissed a TCPA claim that contained only a "recitation of the statutory cause of action."   The court held that the allegations were inadequate because the plaintiff did "not elaborate on the content of the pre-recorded messages" and failed "to explain the circumstances that suggest Defendant used an automatic calling device." *Id.* at *5-*6.  Other courts, citing *Padilla* favorably, have followed suit.  *See Weaver v. Wells Fargo Bank N.A.,* 2015 U.S. Dist. LEXIS 104520, *10-*11 (S.D. Fla. M.D. Fla. Aug. 10, 2015) (granting dismissal where plaintiff "could detail whether there was a pause upon his answering the call, the content of the . . . messages [he received] (i.e. were they identical messages?), or any other fact that would support his conclusory allegation that he received calls from an automatic telephone dialing system" but did not do so); *Gardner v. Credit Mgmt., L.P.*, 2015 U.S. Dist. LEXIS 32947, *4 (M.D. Fla. March 17, 2015) (granting dismissal where the plaintiff "has not

included any allegation as to the content of the telephone calls, or the circumstances that suggest that Defendant used an ATDS to make the telephone calls"); *Aikens v. Synchrony Fin.*, 2015 U.S. Dist. LEXIS 115467, *7 (E.D. Mich. July 31, 2015) ("[V]arious courts have also found that merely alleging that a defendant used an ATDS system is insufficient to state a claim for relief."). This standard is consistent with this Court's ruling in *De Los Santos v. Millward Brown, Inc.*, 2014 U.S. Dist. LEXIS 88711, *10 (S.D. Fla. June 29, 2014) (Marra, J.), which Buja failed to address in the Response. The Court in that case denied dismissal because the plaintiff included allegations of "dead air" when he answered the phone. *Id.* Here, there is no "dead air" allegation or any other alleged fact to plausibly suggest the use of an ATDS, nor are there any factual allegations related to the alleged use of an automated or pre-recorded voice.

In his string cite of 16 cases that he claims take a contrary position, Buja does not cite a *single case* in which a TCPA claim has been allowed to stand after a thorough analysis of allegations as threadbare as the allegations in the Complaint. Buja cites four decisions denying dismissal of TCPA claims by federal courts in Florida (Response at pp. 2-3),[1] all of which were based on significantly more detailed allegations than Buja has pled here:

- In *Legg v. Quicken Loans, Inc.*, 2015 U.S. Dist. LEXIS 28031, *2, *6 (S.D. Fla. Feb. 25, 2015), the plaintiff alleged the date of the calls, the content of the calls, and the specific type of autodialer.

- In *Neptune v. Whetstone Partners, LLC*, 34 F. Supp. 3d 1247, 1249-1250 (S.D. Fla. 2014), the plaintiff alleged the date of the calls, the number of calls, and the content of the calls.

---

[1] Buja also cites *Brown v. Flagstar Bancorp, Inc.*, 2014 U.S. Dist. LEXIS 13084, *1 (M.D. Fla. Feb. 3, 2014), for the same proposition, but the motion to dismiss in that case did not even target the TCPA count.

- In *Buslepp v. Improv Miami, Inc.*, 2012 U.S. Dist. LEXIS 62489, *1-*2 (S.D. Fla. 2012), the plaintiff alleged the date and content of the text messages at issue.

- In *Manfred v. Bennett Law, PLLC*, 2012 U.S. Dist. LEXIS 173935, *2 (S.D. Fla. Dec. 7, 2012), the plaintiff alleged the date and number of calls.

Buja's cited authority from other jurisdictions fares no better. Again and again, Buja cites cases that demonstrate precisely the type of additional allegations that Buja *should* have pled, but he has failed to do so.

- In *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1167-68 (N.D. Cal. 2010), the plaintiff alleged the date and content of the messages.

- In *Hashw v. Dep't Stores Nat'l Bank*, 986 F. Supp. 2d 1058, 1061 (D. Minn. 2013), the plaintiff alleged the number of calls and the general content of the calls.

- In *Stewart v. T-Mobile USA, Inc.,* 2015 U.S. Dist. LEXIS 114276, *1 (D.S.C. Aug. 28, 2015), the plaintiff alleged the content of the call.

- In *Isgett v. Northstar Location Servs., LLC*, 2015 U.S. Dist. LEXIS 89252, *8 (D.S.C. July 2, 2015), the plaintiff alleged facts to demonstrate the use of an ATDS, including receipt of several calls within a 24-hour period and the use of six different telephone numbers by the defendant.

- In *Williams v. Bank of Am., N.A.,* 2015 U.S. Dist. LEXIS 79607, *6 (D.S.C. June 18, 2015), the plaintiff alleged the content of the calls.

- In *Crawford v. Target Corp.,* 2014 U.S. Dist. LEXIS 159203, *7 (N.D. Tex. Nov. 10, 2014), the plaintiff alleged the date and number of calls, as well as periods of silence on the line when she answered.

- In *Margulis v. Generation Life Ins. Co.*, 2015 U.S. Dist. LEXIS 33906, *2 (E.D. Mo. March 19, 2015), the plaintiff alleged the date of the call and a portion of the plaintiff's telephone number.

- In *Hickey v. Voxernet LLC,* 887 F. Supp. 2d 1125, 1128 (W.D. Wash. 2012), the plaintiff alleged the date and content of the call.

- In *Reyes v. Saxon Mortg. Servs., Inc.,* 2009 U.S. Dist. LEXIS 125235 (S.D. Cal. Nov. 5, 2009), the plaintiff alleged the date, number, and content of the calls. *See Reyes v. Saxon Mortg. Servs., Inc.*, Case No. 3:09-cv-01366-DMS-WMC (S.D. Cal.) (Docket Entry 4, at p. 11).

- In *Jackson v. HSBC Mortgage Servs., Inc.,* 2014 U.S. Dist. LEXIS 144300, *9 (N.D. Ala. Oct. 10, 2014), the defendant did not challenge the lack of allegations related to the content of the calls or the automated telephone dialing system. The court's ruling related only to the plaintiff's failure to plead a telephone number.

The only case cited by Buja that is not distinguishable on the face of the decision is *Robinson v. Midland Funding, LLC,* 2011 U.S. Dist. LEXIS 40107 (S.D. Cal. April 13, 2011). But this single, non-binding decision provides only a cursory examination of the relevant standard before denying dismissal, *Robinson*, 2011 U.S. Dist. LEXIS 40107 at *7-*9, and the court in *Aikens* expressly declined to follow it. 2015 U.S. Dist. LEXIS 115467 at *9. Thus, the Court should disregard this decision and instead adopt the well-reasoned approach of courts in this circuit requiring the plaintiff to plead more than a "recitation of the statutory cause of action." *Padilla*, 2014 U.S. Dist. LEXIS 95308 at *5.

**II.     Buja has failed to meet this standard.**

The allegations in Buja's Complaint fall well short of the pleading standard for TCPA cases set by courts nationwide — including in the cases cited by Buja in the Response. As set forth above, Buja's cited authority suggests that, at minimum, the date of the alleged calls, the content of the alleged calls, and the number of alleged calls must be pled in this district. *See Legg*, 2015 U.S. Dist. LEXIS 28031 at *2, *6; *Neptune*, 34 F. Supp. 3d at 1249-50; *Buslepp*, 2012 U.S. Dist. LEXIS 62489 at *1-*2; *Manfred*, 2012 U.S. Dist. LEXIS 173935 at *2. Buja has not set forth the date of the alleged calls. Alleging that the calls took place "[a]t various times, and on numerous instances within the four year period prior to the filing of this complaint" (Response at p. 5; Complaint at ¶ 1) is nothing more than a conclusory assertion as to the general timing of the alleged calls with no factual backing. Likewise, claiming that he was called "on numerous instances" is not sufficient to set forth the number of calls. (Response at p. 5; Complaint at ¶ 1). And Buja does not even attempt to plead the content of the alleged calls. *See generally* Complaint. These pleading failures alone warrant dismissal.

Buja also fails to adequately plead the use of an ATDS. To do so, he must "explain the circumstances that suggest Defendant used an automatic calling device." *Padilla*, 2014 U.S. Dist. LEXIS 95308 at *5. But Buja's explanation is nothing more than a recitation of the elements, coupled with some additional "facts" that have no bearing on the ATDS analysis. First, Buja alleges that "[t]he names and telephone numbers of potential clients are then loaded into an automatic dialing system, which, without human intervention, places calls to potential clients and, in certain situations, leaves prerecorded voice messages." (Response at p. 6; Complaint at ¶ 15). This is not a factual allegation, but rather a conclusory recital of the statutory terms used to define an ATDS. This "explanation" offers no more factual information

6

than if Buja had simply alleged "Defendants then utilized an automatic dialing system," which obviously would be inadequate under the governing standard. *See Iqbal*, 556 U.S. at 679 (condemning threadbare recitals of the elements).

Second, Buja alleges that "Defendants maintain a call center staffed by agents who attend to calls placed by an automatic telephone dialing system or an artificial prerecorded voice." (Response at p. 6; Complaint at ¶ 16). Again, this provides no meaningful explanation of the circumstances of the alleged calls to Buja that support the use of an ATDS. There is nothing inherently nefarious about maintaining a call center. Thus, this is yet another assertion that boils down to the conclusory allegation that Defendants used an ATDS, which is not sufficient.

Third, Buja claims that a job posting on Defendants' Web site referencing the use of a "predictive dialer" plausibly suggests the use of an ATDS. (Response at p. 6; Complaint at ¶ 17). But the mere fact that the words "predictive dialer" appeared in a single job posting that had nothing to do with the calls allegedly received by Buja is not, standing alone, enough to plead the use of an ATDS.

Fourth, Buja relies on the fact that he received calls from phone number "561-615-9360" and when he returned calls to that same number, the calls were answered by a recorded voice. (Response at p. 6; Complaint at ¶¶ 20-21). This is a red herring that has no connection to the ATDS argument. Many, if not most, companies answer calls with recorded voice messages. There is nothing unlawful about that, and Buja has cited no authority suggesting that an ATDS inference about a defendant's *outgoing* calls can be drawn from a recorded message played to *incoming* callers.

Fifth, Buja alleges that "Defendants left a prerecorded message on Plaintiff's voice mail system." (Response at p. 6, Complaint at ¶ 22). As set forth at length above, Buja has provided

7

no factual details related to the date, timing, or content of the alleged call, which would be necessary to determine whether such a call plausibly supports the use of an ATDS or a claim of an automated or prerecorded voice.

Finally, Buja reverts back to the threadbare, conclusory allegation that "Defendants violated the TCPA by using an automatic telephone dialing system."  (Response at p. 6, Complaint at ¶ 22).  This allegation is, of course, meaningless for the Court's analysis — it is hard to imagine a better example of the type of elemental recitals that are condemned by *Twombly* and *Iqbal*.  Thus, when reviewed closely, it is clear that none of Buja's allegations adequately supports his ATDS claim.  Buja spreads them out with bullet points over two pages in the Response, hoping the Court will allow the Complaint to survive on quantity, not quality.  But the Court should apply the appropriate federal pleading standard and hold that Buja has not pled enough facts to support the use of an ATDS.

### III. Conclusion

For the foregoing reasons, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim under the TCPA.

Dated: October 8, 2015                                            THOMAS & LOCICERO PL

*/s/ Dana J. McElroy*_____
Dana J. McElroy
Florida Bar No.0845906
401 SE 12th Street, Suite 300
Ft. Lauderdale, FL  33316
Telephone: (954) 703-3416
Facsimile:  (954) 400-5415
Email:  dmcelroy@tlolawfirm.com

VEDDER PRICE, P.C.
Blaine C. Kimrey (*Pro Hac Vice*)
Bryan K. Clark (*Pro Hac Vice*)
222 N. LaSalle Street
Chicago, IL 60601

>Telephone: (312) 609-7500
>Facsimile: (312) 609-5005
>Email: bkimrey@vedderprice.com
>Email: bclark@vedderprice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **8th** day of **October 2015**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

>By: */s/ Dana J. McElroy*
>Attorney

**SERVICE LIST**

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff*
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

KEITH J. KEOGH, ESQ.
*Attorney for Plaintiff*
Keogh Law, LTD
55 W. Monroe Street
Suite 3390
Chicago, IL 60603
Tel: 312-726-1092
keith@keoghlaw.com