UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-81002-CIV-MARRA

KEVIN BUJA,

      Plaintiff,

v.

NOVATION CAPITAL, LLC, a
foreign limited liability company;
NOVATION VENTURES, LLC,
a foreign limited liability company;
both doing business as "Novation
Settlement Solutions," an
unregistered fictitious entity,

      Defendants.

_____/

**<u>ORDER</u>**

      This cause is before the Court upon Defendants' Motion to Dismiss [DE 12]; Defendants'

Motion to Strike Class Allegations [DE 13]; and Defendants' Motion to Stay or Alternatively to

Limit Discovery [DE 23].  All motions are ripe for the Court's consideration.  The Court has

reviewed all papers submitted in connection with these motions; the entire file; and is otherwise

duly advised in the premises.

**<u>1.  Defendants' Motion to Dismiss</u>**

      With respect to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6),

the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain a "short and plain statement of the claim showing that the pleader is entitled to

relief."  The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

       "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'".  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

       This is an action alleging that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*. [DE 1 at 1].  Defendants argue that Plaintiff's allegations are conclusory and lack factual support. [DE 12 at 2].  They say that Plaintiff has failed to state a claim, because he has not alleged his phone number; the number of calls claimed to have been made; the content of the calls; or the date and time of the alleged calls. [*Id.* at 1].  Defendants state that without this information, they cannot formulate a meaningful response to the Complaint.  They also argue that Plaintiff has failed to plead adequately the use of an automated telephone dialing system ("ATDS").

       The Court disagrees.  Although brief in its allegations, the Complaint satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure and the Supreme Court cases

arising thereunder.  Paragraph 20 of the Complaint specifically states that "Plaintiff began receiving unsolicited, automatically dialed and/or prerecorded message, telemarketing calls to his cellular telephone from the number '561-615-9360.'"  Paragraph 22 notes that Defendants left prerecorded messages in Plaintiff's voicemail.  He further alleges that he "is the registered subscriber, with exclusive dominion and control, of the cellular telephone number to which the violative telemarketing calls alleged herein were placed." [DE 1 at ¶23].

Defendants can obtain further detail during discovery.  Their argument that they cannot respond to the Complaint as drafted is not compelling.  If it is their contention that they never used an ATDS, they can simply deny the allegations outright.  If they use an ATDS on occasion and do not yet know whether or not they did so as to Plaintiff, they can deny the allegations upon information and belief.  Defendants can respond to the Complaint as drafted.  Defendants' Motion to Dismiss is denied.

## 2.  Defendants' Motion to Strike Class Allegations.

Defendants contend that it is obvious from the face of the Complaint that neither of the proposed classes can be certified. [DE 13 at 2].  They argue that the proposed class definitions are improper fail-safe classes which require individualized merit-based determinations to ascertain class membership. [*Id*. at 4].

The Court finds this inquiry to be premature.  The issues raised by Defendants are more properly addressed when Plaintiff brings his motion to certify the class.[1]  Defendants' Motion to

---

[1]Defendants rely heavily upon *Lindsay Transmission v. Office Depot*, 4:12-CV-221(CEJ), 2013 U.S. Dist. LEXIS 9554 (E.D. Mo. January 24, 2013), as "the most closely analogous case" [DE 21 at 7]; however, in *Lindsay*, Defendant submitted a declaration from its Vice-President of North American Retail Operations, stating that Office Depot has not had any national or regional marketing campaigns to send advertisements via facsimile; does not train any employees to

Strike the Class Allegations is denied.

### 3.  Defendants' Motion to Stay or Alternatively to Limit Discovery

Defendants' motion seeking a stay pending a decision on their motion to dismiss is now moot.  Defendants also move to stay pending a ruling by the United States Circuit Court for the District of Columbia in *ACA International v. FCC, et al.*, Case No. 15-1211 (D.C. Cir.), which Defendants argue will address critical statutory interpretation issues relevant to this case. [DE 23 at 1].  In the alternative, Defendants seek to have discovery limited to the narrow questions of whether Defendants made calls to Plaintiff using an ATDS and whether Defendants made calls to Plaintiff using an artificial or prerecorded voice. [*Id.*].

Regarding the *ACA International* case, Defendants state that the D.C. Circuit "**may** directly address whether the technology used by Defendants is an ATDS." [*Id*. at 6 (bold emphasis added)].  This Court does not view this possibility as a compelling reason to stay the instant case.  Defendants' motion to stay on this basis is denied.

Finally, as to Defendants' request to limit discovery, in light of the Court's denial of Defendants' Motion to Dismiss and Motion to Strike Class Allegations, the Court views it as appropriate for discovery to proceed as to the entire case.

---

distribute ads in this manner; that the canvassing flyers were created to be hand delivered; and that other than the complaint, Home Depot had not received any other complaints.  Home Depot also submitted declarations from seven regional managers.  Six of them stated that they were unaware of any such activities.  Only one regional manager indicated that he discovered, upon the commencement of the lawsuit, that faxes had been sent from one store in 2011.  Because of this factual background, the court in *Lindsay* found: "there is no evidence that defendant engaged in blast faxing on its own or through a third party or worked off a nationwide leads list.  Indeed, the evidence indicates that there is no national policy of distributing advertising materials via facsimile transmission."  In the instant motion, Defendants have submitted no such factual support, relying instead on the legal conclusions in *Lindsay* without any reference to the facts underlying those conclusions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      Defendants' Motion to Dismiss [**DE 12**] is **DENIED**.

2.      Defendants' Motion to Strike Class Allegations [**DE 13**] is **DENIED.**

3.      Defendants' Motion to Stay or Alternatively to Limit Discovery [**DE 23**] is

        **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of January, 2016.

_____
KENNETH A. MARRA
United States District Judge