**Exhibit 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

CASE NO. 9:15-CV-81002 (Marra/Matthewman)

KEVIN BUJA,

Plaintiff,

v.

NOVATION CAPITAL, LLC, et al.,

Defendants.

## DEFENDANT NOVATION VENTURES, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND ADMISSION REQUESTS

Defendant Novation Ventures, LLC ("Novation Ventures"), by and through its attorneys, hereby responds to Plaintiff's Second Set of Interrogatories, Requests for Production, and Admission Requests (together, "Discovery Requests") as follows:

## GENERAL OBJECTIONS

1.      Novation Ventures objects to Plaintiff's definitions of "Novation Ventures," "you," and "Defendant" as overbroad to the extent they are intended to include any person or entity other than defendant Novation Ventures, LLC.

2.      Novation Ventures objects to the "Instructions and Definitions" set forth in Plaintiff's Discovery Requests to the extent that they seek to impose obligations different from or contrary to those imposed by the Federal Rules of Civil Procedure.

**Exhibit 1**

3.      Novation Ventures objects to these Discovery Requests to the extent they are vague, ambiguous, or incomprehensible, contain terms that are not adequately defined, or otherwise lack sufficient precision and thereby require Novation Ventures to engage in conjecture as to their meaning.

4.      Novation Ventures objects to these Discovery Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work product doctrine, trade secret protection, or any other applicable doctrine(s) or privilege(s).  Any inadvertent disclosure of privileged or otherwise protected information is neither intended nor shall be construed to relinquish or be deemed a waiver of any such privilege or protection.

5.      Novation Ventures objects to these Discovery Requests to the extent they seek documents or information not in the possession, custody, or control of Novation Ventures.

6.      Novation Ventures objects that these Discovery Requests are not relevant and proportional to the needs of the case.

7.      Novation Ventures objects that these Discovery Requests exceed the limit of 25 written interrogatories imposed by Federal Rule of Civil Procedure 33(a)(1).  Plaintiff's First Set of Interrogatories contained 31 interrogatories when all discrete subparts are accounted for. Plaintiff has now served an additional two interrogatories.

8.      These General Objections apply to and are incorporated into each specific response herein, whether or not expressly incorporated by reference in such individual response.

9.      Novation Ventures reserves the right to amend or supplement its responses to these Discovery Requests in the course of discovery as its investigation continues.

**Exhibit 1**

## <u>SPECIFIC RESPONSES AND OBJECTIONS</u>

## <u>INTERROGATORIES</u>

**<u>INTERROGATORY NO. 21:</u>**

      Identify and explain all policies, practices, and procedures regarding use of an Internal Do-Not-Call list at any time from July 21, 2011 to the present.  Please include a detailed description of each policy, practice, or procedure, the date it was implemented, all persons involved in its consideration, implementation and, if applicable, termination.

**<u>ANSWER:</u>** Novation Ventures objects that this is the 32nd interrogatory when all discrete subparts are accounted for and thus, under Federal Rule of Civil Procedure 33, Novation Ventures is not required to respond to this Interrogatory without a Court order.  Novation Ventures further objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to Novation Ventures' Internal Do-Not-Call List.  Novation Ventures further objects that this Interrogatory is duplicative of Interrogatories 9, 10, and 11.  Subject to and without waiving these objections, Novation Ventures directs Plaintiff to its responses to Interrogatories 9, 10, and 11.

**<u>INTERROGATORY NO. 22:</u>**

      Identify and explain all of Novation Ventures' policies, practices and procedures, which were in effect at any time from July 21, 2011 to the present, regarding the making of calls to telephones after a called party stated they did not wish to receive any more calls.  Please include a detailed description of each policy, practice, or procedure, the date it was first implemented, and all persons involved in its consideration, implementation and, if applicable, termination.

**<u>ANSWER:</u>** Novation Ventures objects that this is the 33rd interrogatory when all discrete subparts are accounted for and thus, under Federal Rule of Civil Procedure 33, Novation Ventures is not required to respond to this Interrogatory without a Court order.  Novation

**Exhibit 1**

Ventures objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to the Novation Ventures' Internal Do-Not-Call List.  Novation Ventures further objects that this Interrogatory is duplicative of Interrogatories 9, 10, and 11.  Subject to and without waiving these objections, Novation Ventures directs Plaintiff to its responses to Interrogatories 9, 10, and 11.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

The complete database tables showing the information requested in Interrogatory #2 of Plaintiff's First set of discovery propounded upon you, and for the calls described in any proposed class definition in the operative complaint.  If this request is impossible to satisfy, produce electronic information sufficient to show as much of the following as possible: (a) all calls made by or on Novation Ventures' behalf, at any time from July 21, 2011 to the present, using the system used to call Plaintiff, (b) the telephone number to which each such call was made, (c) whether telephone number called goes to a cellular telephone, (d) the script for any call, (e) the name of the person called, (f) whether the person called had previously asked that they not be called, (g) all persons who expressed that they did not want to be called by you, or by anyone on your behalf, (h) the name and account number associated with the call, (i) the purpose of the call.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Request No. 2 in Plaintiff's original requests to Novation Ventures.  Novation Ventures further objects that this Request is overly broad, unduly burdensome, harassing, and oppressive because, for the reasons set forth in Novation Ventures' response to Interrogatory No. 2, it is not possible and/or unduly burdensome to provide documents that reflect this information.  Subject to and without waiving

**Exhibit 1**

these objections, Novation Ventures directs Plaintiff to its amended response to Plaintiff's earlier Document Request No. 2, served concurrently with these Responses.

**DOCUMENT REQUEST NO. 2:**

Your Internal Do-Not-Call List from the time period of July 21, 2011 to the present, including all communications or documentation (including but not limited to communications or correspondence) related to the called party's expression that they not be called by you, or by anyone on your behalf.

**ANSWER:** Novation Ventures objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to the Novation Ventures' Internal Do-Not-Call List.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to the document produced herewith as Bates labeled NOV_00001670.

**DOCUMENT REQUEST NO. 3:**

All documents describing the operation, installation, and/or specifications of the ShoreTel system at any point between July 21, 2011 and the present.

**ANSWER:** Novation Ventures directs Plaintiff to the documents Bates labeled NOV_00000774-NOV_00001658.

**DOCUMENT REQUEST NO. 4:**

All documents related to the Salesforce CRM database that were operative between July 21, 2011 and the present.

**ANSWER:** Novation Ventures objects that this Request is overly broad, unduly burdensome, harassing, oppressive, and not relevant and proportional to the needs of the case because it seeks "all" documents related to the SalesForce CRM database.  This Request therefore seeks virtually every document related to Novation Ventures' marketing practices, regardless of

**Exhibit 1**

whether it has any relevance to Plaintiff's claims. The database itself contains a significant amount of personal information of individuals who have absolutely no relevance to this case. Moreover, the request for all documents "related to the Salesforce CRM database" could reasonably be construed to request *all* of Novation Ventures' documents from July 21, 2011 to present because the entire business is built around Novation Ventures' customer relationships. Such a sweeping request is clearly inconsistent with the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Novation Ventures directs Plaintiff to the documents Bates labeled NOV_00000026-NOV_00000035 as well as the documents produced herewith as Bates labeled NOV_00001666-NOV_00001669.

**DOCUMENT REQUEST NO. 5:**

All documents that discuss or relate to policies, practices or procedures associated with your Internal Do-Not-Call list or the maintenance of an internal do-not-call list.

**ANSWER:** Novation Ventures objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to the Novation Ventures' Internal Do-Not-Call List. Subject to and without waiving this objection, Novation Ventures directs Plaintiff to the documents Bates labeled NOV_00000348-NOV_00000773 as well as the document produced herewith as Bates labeled NOV_00001670.

**DOCUMENT REQUEST NO. 6:**

All contracts or manuals regarding all telephone and/or communications system(s), equipment and/or software used by your or on your behalf to place calls to Plaintiff, and any other person using an automatic telephone dialing system, at any time from July 21, 2011 to the present.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Request No. 4. Novation Ventures further objects because it never used an automatic

**Exhibit 1**

telephone dialing system.  Subject to and without waiving this objections, Novation Ventures directs Plaintiff to its response to Plaintiff's earlier Document Request No. 4.

**<u>DOCUMENT REQUEST NO. 7</u>**

All documents describing your policies and procedures for making the telephone calls between July 21, 2011 and present where the person called previously expressed they did not wish to receive calls from you, or on your behalf.

**<u>ANSWER:</u>** Novation Ventures objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to the Novation Ventures' Internal Do-Not-Call List.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to the documents Bates labeled NOV_00000348-NOV_00000773 as well as the document produced herewith as Bates labeled NOV_00001670.

**<u>DOCUMENT REQUEST NO. 8:</u>**

All documents describing your policies and procedures for making the telephone calls to cellular telephone numbers for a non-emergency telephone call using the same system that called (585) 733-2922 between July 21, 2011 and present.

**<u>ANSWER:</u>** Novation Ventures directs Plaintiff to the documents Bates labeled NOV_00000348-NOV_00000773 as well as the document produced herewith as Bates labeled NOV_00001670.

**<u>DOCUMENT REQUEST NO. 9:</u>**

All data dictionaries or other documents defining column headings, acronyms, terminology and key(s) used in any database or other document that contains information that is responsive to Plaintiff's discovery requests.

**<u>ANSWER:</u>** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Request No. 6.  Subject to and without waiving these objections, Novation Ventures directs Plaintiff to its response to Plaintiff's earlier Document Request No. 6.

**Exhibit 1**

**DOCUMENT REQUEST NO. 10:**

All documents that discuss or relate to policies, practices or procedures associated with making telephone calls to numbers included on your Internal Do-Not-Call list.

**ANSWER:** Novation Ventures objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to the Novation Ventures' Internal Do-Not-Call List.   Subject to and without waiving this objection, Novation Ventures directs Plaintiff to the documents Bates labeled NOV_00000348-NOV_00000773 as well as the document produced herewith as Bates labeled NOV_00001670.

**DOCUMENT REQUEST NO. 11:**

All documents described in your Rule 26(a)(1) disclosures, including any supplementation thereto.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Request No. 12.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to the documents produced in this case to date.

**DOCUMENT REQUEST NO. 12:**

All documents you were asked to identify in Plaintiff's interrogatories.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Request No. 13.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to the documents produced in this case to date.

**DOCUMENT REQUEST NO. 13:**

All documents that support or form all or part of the factual basis for any defense that you raise in this lawsuit.

**ANSWER:** Novation Ventures objects that this request is premature.  Novation Ventures further objects that this Request is duplicative of Plaintiff's earlier Document Request No. 14.  Subject

**Exhibit 1**

to and without waiving these objections, Novation Ventures directs Plaintiff to the documents produced in this case to date and states that any additional non-privileged, responsive documents in due course as the litigation proceeds.

**DOCUMENT REQUEST NO. 14:**

All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Request No. 20.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to its response to Plaintiff's earlier Document Request No. 20.

**DOCUMENT REQUEST NO. 15:**

All documents demonstrating your relationship with each of your co-Defendants in this case.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Requests No. 23-24.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to its responses to Plaintiff's earlier Document Requests No. 23-24.

**DOCUMENT REQUEST NO. 16:**

All other documents not requested above that contain information responsive to Plaintiff's interrogatories, or any other information relevant to this matter.

**ANSWER:** Novation Ventures objects that this Request is duplicative of Plaintiff's earlier Document Request No. 25.  Subject to and without waiving this objection, Novation Ventures directs Plaintiff to its responses to Plaintiff's earlier Document Request No. 25.

**Exhibit 1**

**DOCUMENT REQUEST NO. 17:**

Documents pertaining to the "corporate restructuring," which occurred in 2012 as described in your response to Plaintiff's Interrogatory Number 20.

**ANSWER:** Novation Ventures objects that this Request is overly broad, unduly burdensome, and not proportional to the needs of the case. The volume of documents that could be construed as "pertaining to" the corporate restructuring is significant and the vast majority (if not all) of those documents have no bearing on the issues in this case. Subject to and without waiving those objections, Novation Ventures directs Plaintiff to the documents preciously produced and Bates labeled NOV_00000049-NOV_00000170.

**DOCUMENT REQUEST NO. 18:**

Backup files which may contain records of calls placed during the period from July 21, 2011 to the present by the ShoreTel telephone system, or any system used prior to the installation of the ShoreTel telephone system.

**ANSWER:** Novation Ventures objects that Plaintiff's request for backup files is unduly burdensome because of the high expense associated with restoring backup files and the limited probative value in the content of such files.

**DOCUMENT REQUEST NO. 19:**

Documents which describe or reference any system you used to place calls prior to the ShoreTel telephone system but after July 21, 2011.

**ANSWER:** Novation Ventures objects that this request is not relevant and proportional to the needs of the case. Subject to and without waiving those objections, Novation Ventures has not used any system other than the ShoreTel telephone system.

**Exhibit 1**

**DOCUMENT REQUEST NO. 20:**

Screen shots of what an operator would see when using the "click to dial" mode on the ShoreTel telephone system.

**ANSWER:** Novation Ventures directs Plaintiff to the documents produced herewith as Bates labeled NOV_00001666-NOV_00001669.

**DOCUMENT REQUEST NO. 21:**

If you contend that any person who received a call from you, or on your behalf, as described in Plaintiff's proposed class definition in the operative complaint, provided prior express consent to receive the phone call(s), please provide every document that supports your contention.

**ANSWER:** Novation Ventures objects that this Request is nonsensical and based on circular logic — each of the classes "described in Plaintiff's proposed class definition in the operative complaint" only includes individuals for whom "prior express consent" was not obtained. Moreover, Novation Ventures states that it obtains prior express consent in numerous fashions from so many consumers that it not feasible to provide "every document" related to consent. Subject to and without waiving those objections, Novation Ventures directs Plaintiff to the documents produced herewith as Bates labeled NOV_00001671, which provide specific examples of individuals who have consented to receive calls.

**DOCUMENT REQUEST NO. 22:**

If you contend that any person who received a call from you, or on your behalf, as described in Plaintiff's proposed class definition in the operative complaint, provided prior express consent to receive the phone call(s), please provide every document that supports your contention.

**Exhibit 1**

**ANSWER:** Novation Ventures objects that this Request is nonsensical and based on circular logic — each of the classes "described in Plaintiff's proposed class definition in the operative complaint" only includes individuals for whom "prior express consent" was not obtained. Moreover, Novation Ventures states that it obtains prior express consent in numerous fashions from so many consumers that it not feasible to provide "every document" related to consent. Subject to and without waiving those objections, Novation Ventures directs Plaintiff to the documents produced herewith as Bates labeled NOV_00001671, which provide specific examples of individuals who have consented to receive calls.

<b>ADMISSION REQUESTS</b>

**REQUEST TO ADMIT NO. 1:**

You called, or caused Plaintiff to be called, after he told you that he did not wish to receive calls from you.

**ANSWER:** Admit.

**REQUEST TO ADMIT NO. 2:**

At all times since July 21, 2011, you have maintained an Internal Do-Not-Call list.

**ANSWER:** Novation Ventures objects that this request is not relevant and proportional to the needs of the case because the current operative complaint contains no allegations related to the Novation Ventures' Internal Do-Not-Call List.  Subject to and without waiving this objection, Novation Ventures admits this Request.

**REQUEST TO ADMIT NO. 3:**

Plaintiff told you prior to May 8, 2014 that he did not want to receive calls from you.

**ANSWER:** Novation Ventures denies this Request.

**REQUEST TO ADMIT NO. 4:**

Plaintiff told you on May 8, 2014 that he did not wish to receive calls from you.

**Exhibit 1**

**ANSWER:** Novation Ventures denies this Request.

**REQUEST TO ADMIT NO. 5:**

You called, or caused Plaintiff to be called, at least ten times between May 8, 2014 and August 2015.

**ANSWER:** Admit.

**REQUEST TO ADMIT NO. 6:**

You called, or caused Plaintiff to be called, at least five times between May 9, 2014 and May 7, 2015.

**ANSWER:** Admit.

**REQUEST TO ADMIT NO. 7:**

You called Plaintiff a total of 19 or more times for telemarketing purposes between March 2014 and August 2015.

**ANSWER:** Novation Ventures denies this Request.

**REQUEST TO ADMIT NO. 8:**

You called Plaintiff at least 13 times for telemarketing purposes between March 2014 and August 2015.

**ANSWER:** Novation Ventures denies this Request.

**REQUEST TO ADMIT NO. 9:**

There are at least 100 telephone numbers called by or on behalf of Novation Ventures between July 21, 2011 and present where the called party previously told Defendant that they did not wish to be called again.

**ANSWER:** Novation Ventures denies this Request.

**Exhibit 1**

**REQUEST TO ADMIT NO. 10:**

There are at least 1,000 telephone numbers called by or on behalf of Novation Ventures between July 21, 2011 and present where the called party previously told Defendant that they did not wish to be called again.

**ANSWER:** Novation Ventures denies this Request.

**REQUEST TO ADMIT NO. 11:**

There are at least 10,000 telephone numbers called by or on behalf of Novation Ventures between July 21, 2011 and present where the called party previously told Defendant that they did not wish to be called again.

**ANSWER:** Novation Ventures denies this Request.

**REQUEST TO ADMIT NO. 12:**

There are at least 100 cellular telephone numbers called by or on behalf of Novation Ventures using the same system that called (585) 733-2922 between July 21, 2011 and present.

**ANSWER:** Novation Ventures objects that this Request is vague to the extent it fails to define the "system" at issue.  Subject to and without waiving that objection, Novation Ventures states that the requested database tables during the full stated date range from the ShoreTel system are no longer accessible.  Moreover, it is not possible to determine whether the telephone number called was a cellular telephone number without engaging in an unduly burdensome, individualized analysis.  Although the Salesforce database has fields for "mobile" numbers, no mechanism is used to determine whether calls made on behalf of Novation Funding are actually made to cellular telephone numbers.  Because data is often entered manually into Salesforce, the placement of a number in the "mobile" field may be meaningless.  Similarly, because many Americans no longer have landline telephones, the "home" field for many contacts could also contain mobile numbers.  Novation Ventures has no reason to distinguish between cellular and

**Exhibit 1**

landline calls as a matter of course because it does not utilize an automated telephone dialing system or artificial or prerecorded voice messages.  The only way to determine which of the ShoreTel calls were made to cellular telephone numbers would be to do a case-by-case assessment of each call to evaluate (1) whether there was a "mobile" entry in Salesforce, and (2) whether the number was, in fact, a cellular number.  Such a process would be unduly burdensome and not proportional to the needs of the case.  Accordingly, Novation Ventures lacks sufficient information to admit or deny the number of cellular telephone numbers that have actually been called.

**REQUEST TO ADMIT NO. 13:**

There are at least 100 cellular telephone numbers called by or on behalf of Novation Ventures using the same system that called (585) 733-2922 between July 21, 2011 and present where Defendant did not have express written consent to call.

**ANSWER:** Novation Ventures objects that this Request is vague to the extent it fails to define the "system" at issue.  Subject to and without waiving that objection, Novation Ventures states that the requested database tables during the full stated date range from the ShoreTel system are no longer accessible.  Moreover, it is not possible to determine whether the telephone number called was a cellular telephone number without engaging in an unduly burdensome, individualized analysis.  Although the Salesforce database has fields for "mobile" numbers, no mechanism is used to determine whether calls made on behalf of Novation Funding are actually made to cellular telephone numbers.  Because data is often entered manually into Salesforce, the placement of a number in the "mobile" field may be meaningless.  Similarly, because many Americans no longer have landline telephones, the "home" field for many contacts could also contain mobile numbers.  Novation Ventures has no reason to distinguish between cellular and landline calls as a matter of course because it does not utilize an automated telephone dialing

**Exhibit 1**

system or artificial or prerecorded voice messages.  The only way to determine which of the ShoreTel calls were made to cellular telephone numbers would be to do a case-by-case assessment of each call to evaluate (1) whether there was a "mobile" entry in Salesforce, and (2) whether the number was, in fact, a cellular number.  Such a process would be unduly burdensome and not proportional to the needs of the case.  Accordingly, Novation Ventures lacks sufficient information to admit or deny the number of cellular telephone numbers that have actually been called.

**REQUEST TO ADMIT NO. 14:**

There are at least 1,000 cellular telephone numbers called by or on behalf of Novation Ventures using the same system that called (585) 733-2922 between July 21, 2011 and present.

**ANSWER:** Novation Ventures objects that this Request is vague to the extent it fails to define the "system" at issue.  Subject to and without waiving that objection, Novation Ventures states that the requested database tables during the full stated date range from the ShoreTel system are no longer accessible.  Moreover, it is not possible to determine whether the telephone number called was a cellular telephone number without engaging in an unduly burdensome, individualized analysis.  Although the Salesforce database has fields for "mobile" numbers, no mechanism is used to determine whether calls made on behalf of Novation Funding are actually made to cellular telephone numbers.  Because data is often entered manually into Salesforce, the placement of a number in the "mobile" field may be meaningless.  Similarly, because many Americans no longer have landline telephones, the "home" field for many contacts could also contain mobile numbers.  Novation Ventures has no reason to distinguish between cellular and landline calls as a matter of course because it does not utilize an automated telephone dialing system or artificial or prerecorded voice messages.  The only way to determine which of the ShoreTel calls were made to cellular telephone numbers would be to do a case-by-case

**Exhibit 1**

assessment of each call to evaluate (1) whether there was a "mobile" entry in Salesforce, and (2) whether the number was, in fact, a cellular number.  Such a process would be unduly burdensome and not proportional to the needs of the case.  Accordingly, Novation Ventures lacks sufficient information to admit or deny the number of cellular telephone numbers that have actually been called.

**REQUEST TO ADMIT NO. 15:**

There are at least 1,000 cellular telephone numbers called by or on behalf of Novation Ventures using the same system that called (585) 733-2922 between July 21, 2011 and present where Defendant did not have express written consent to call.

**ANSWER:** Novation Ventures objects that this Request is vague to the extent it fails to define the "system" at issue.  Subject to and without waiving that objection, Novation Ventures states that the requested database tables during the full stated date range from the ShoreTel system are no longer accessible.  Moreover, it is not possible to determine whether the telephone number called was a cellular telephone number without engaging in an unduly burdensome, individualized analysis.  Although the Salesforce database has fields for "mobile" numbers, no mechanism is used to determine whether calls made on behalf of Novation Funding are actually made to cellular telephone numbers.  Because data is often entered manually into Salesforce, the placement of a number in the "mobile" field may be meaningless.  Similarly, because many Americans no longer have landline telephones, the "home" field for many contacts could also contain mobile numbers.  Novation Ventures has no reason to distinguish between cellular and landline calls as a matter of course because it does not utilize an automated telephone dialing system or artificial or prerecorded voice messages.  The only way to determine which of the ShoreTel calls were made to cellular telephone numbers would be to do a case-by-case

**Exhibit 1**

assessment of each call to evaluate (1) whether there was a "mobile" entry in Salesforce, and (2) whether the number was, in fact, a cellular number.  Such a process would be unduly burdensome and not proportional to the needs of the case.  Accordingly, Novation Ventures lacks sufficient information to admit or deny the number of cellular telephone numbers that have actually been called.

**REQUEST TO ADMIT NO. 16:**

There are at least 10,000 cellular telephone numbers called by or on behalf of Novation Ventures using the same system that called (585) 733-2922 between July 21, 2011 and present.

**ANSWER:** Novation Ventures objects that this Request is vague to the extent it fails to define the "system" at issue.  Subject to and without waiving that objection, Novation Ventures states that the requested database tables during the full stated date range from the ShoreTel system are no longer accessible.  Moreover, it is not possible to determine whether the telephone number called was a cellular telephone number without engaging in an unduly burdensome, individualized analysis.  Although the Salesforce database has fields for "mobile" numbers, no mechanism is used to determine whether calls made on behalf of Novation Funding are actually made to cellular telephone numbers.  Because data is often entered manually into Salesforce, the placement of a number in the "mobile" field may be meaningless.  Similarly, because many Americans no longer have landline telephones, the "home" field for many contacts could also contain mobile numbers.  Novation Ventures has no reason to distinguish between cellular and landline calls as a matter of course because it does not utilize an automated telephone dialing system or artificial or prerecorded voice messages.  The only way to determine which of the ShoreTel calls were made to cellular telephone numbers would be to do a case-by-case assessment of each call to evaluate (1) whether there was a "mobile" entry in Salesforce, and

- 18 -

**Exhibit 1**

(2) whether the number was, in fact, a cellular number.  Such a process would be unduly burdensome and not proportional to the needs of the case.  Accordingly, Novation Ventures lacks sufficient information to admit or deny the number of cellular telephone numbers that have actually been called.

**REQUEST TO ADMIT NO. 17:**

There are at least 10,000 cellular telephone numbers called by or on behalf of Novation Ventures using the same system that called (585) 733-2922 between July 21, 2011 and present where Defendant did not have express written consent to call.

**ANSWER:**  Novation Ventures objects that this Request is vague to the extent it fails to define the "system" at issue.  Subject to and without waiving that objection, Novation Ventures states that the requested database tables during the full stated date range from the ShoreTel system are no longer accessible.  Moreover, it is not possible to determine whether the telephone number called was a cellular telephone number without engaging in an unduly burdensome, individualized analysis.  Although the Salesforce database has fields for "mobile" numbers, no mechanism is used to determine whether calls made on behalf of Novation Funding are actually made to cellular telephone numbers.  Because data is often entered manually into Salesforce, the placement of a number in the "mobile" field may be meaningless.  Similarly, because many Americans no longer have landline telephones, the "home" field for many contacts could also contain mobile numbers.  Novation Ventures has no reason to distinguish between cellular and landline calls as a matter of course because it does not utilize an automated telephone dialing system or artificial or prerecorded voice messages.  The only way to determine which of the ShoreTel calls were made to cellular telephone numbers would be to do a case-by-case assessment of each call to evaluate (1) whether there was a "mobile" entry in Salesforce, and

**Exhibit 1**

(2) whether the number was, in fact, a cellular number.  Such a process would be unduly burdensome and not proportional to the needs of the case.  Accordingly, Novation Ventures lacks sufficient information to admit or deny the number of cellular telephone numbers that have actually been called.

Dated: November 1, 2016                           VEDDER PRICE, P.C.

                                                  */s/ Blaine C. Kimrey*_____
                                                  THOMAS & LOCICERO
                                                  Dana J. McElroy
                                                  Florida Bar No.0845906
                                                  401 SE 12th Street, Suite 300
                                                  Ft. Lauderdale, FL  33316
                                                  Telephone: (954) 703-3416
                                                  Facsimile:  (954) 400-5415
                                                  Email:  dmcelroy@tlolawfirm.com

                                                  VEDDER PRICE, P.C.
                                                  Blaine C. Kimrey (*Pro Hac Vice*)
                                                  Bryan K. Clark (*Pro Hac Vice*)
                                                  222 N. LaSalle Street
                                                  Chicago, IL 60601
                                                  Telephone:  (312) 609-7500
                                                  Facsimile:  (312) 609-5005
                                                  Email:  bkimrey@vedderprice.com
                                                  Email:  bclark@vedderprice.com

**Exhibit 1**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **1st** day of **November 2016**, I served a copy of the

foregoing by email and regular U.S. Mail to the following counsel of record:

Keith J. Keogh, Esq.
Keogh Law, Ltd.
55 W. Monroe Street
Suite 3390
Chicago, IL 60603
312-726-1092
keith@keoghlaw.com

Scott David Owens, Esq.
Patrick Christopher Crotty, Esq.
The Law Office of Scott D. Owens
3800 S. Ocean Drive
Suite 235
Hollywood, FL 33019
954-589-0588
scott@scottdowens.com
pccrotty@gmail.com

By: <u>*/s/ Blaine C. Kimrey*</u>
       Attorney